UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUIDEONE MUTUAL INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>     v.<br><br>CHARLES SEIELSTAD,<br><br>          Defendant. | No. 2:16-cv-00752-TLN-AC<br><br>**ORDER** |

This matter is before the Court pursuant to Plaintiff GuideOne Mutual Insurance Company's ("Plaintiff") Motion for Stay of Arbitration Proceedings. (ECF No. 5.) Defendant Charles Seielstad ("Defendant") opposes the motion. (ECF No. 6.) Plaintiff filed a reply. (ECF No. 7.) The Court has carefully considered the arguments raised by the parties. For the reasons set forth below, Plaintiff's motion is DENIED.

**I.    INTRODUCTION**

This is a lawsuit seeking declaratory relief about the legal effect of a worker's compensation settlement on an insurer's obligation to pay additional funds to that injured worker pursuant to a separate uninsured motorist policy.[1]  Plaintiff — the insurer — acknowledges that

---
[1] The factual and procedural background is not materially in dispute as it relates to the instant motion.

1

Defendant — the insured — timely demanded uninsured motorist arbitration proceedings (the "UM Arbitration") with Plaintiff pursuant to that uninsured motorist policy. (Compl., ECF No. 1 at ¶ 12; ECF No. 5-1 at 2.) It is not disputed that the parties have agreed to arbitrate. The question is *when* the UM Arbitration will go forward. Plaintiff has filed the instant motion to stay the UM Arbitration pending the resolution of this action. (ECF No. 5-1 at 4–5.)

**II.　ANALYSIS**

Plaintiff contends this Court has authority to stay the UM Arbitration pending the outcome of this action pursuant to California Code of Civil Procedure § 1281.2. (ECF No. 5-1 at 4–5.) However, by its text, § 1281.2 does not apply to the circumstances of this case. Consequently, the motion must be denied.

Section 1281.2 provides in relevant part:

> *On petition of a party to an arbitration agreement alleging* the existence of a written agreement to arbitrate a controversy and *that a party thereto refuses to arbitrate* such controversy, the court *shall order* the petitioner and the respondent *to arbitrate* the controversy . . . .
>
> If the court determines that there are other issues between the *petitioner* and the respondent which are not subject to arbitration and which are the subject of a pending action or special proceeding between the *petitioner* and the respondent and that a determination of such issues may make the arbitration unnecessary, the court *may delay its order to arbitrate* until the determination of such other issues or until such earlier time as the court specifies.
>
> If the court determines that a party to the arbitration is also a party to litigation in a pending court action or special proceeding *with a third party* . . . ., the court . . . may order arbitration among the parties who have agreed to arbitration and stay the pending court action or special proceeding pending the outcome of the arbitration proceeding; or . . . may stay arbitration pending the outcome of the court action or special proceeding.

Cal. Civ. Proc. Code § 1281.2 (emphasis added).

Plaintiff has not identified any relevant "third party" so the final paragraph of the above-quoted paragraphs does not apply. Consequently, § 1281.2 is not implicated unless the motion comes within the meaning of the second of the above-quoted paragraphs. It does not. Neither the Plaintiff nor Defendant refuses to arbitrate. Plaintiff has not *petitioned* this Court for an order *to compel arbitration*. For these two reasons it is clear Plaintiff is not a "petitioner" within the

2

meaning of this section.  Moreover, the second of the above-quoted paragraphs says nothing about enjoining a proceeding the Court has not been asked to order in the first place.  It speaks only of a court delaying its own order to compel arbitration — which Plaintiff does not seek here.

**III.   CONCLUSION**

For the reasons discussed above, Plaintiff's Motion for Stay of Arbitration Proceedings is hereby DENIED without prejudice.

IT IS SO ORDERED.

Dated: July 5, 2017

Troy L. Nunley
United States District Judge